UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES A. CREECH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:14-cv-00319-TWP-DKL |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Charles A. Creech ("Creech") requests judicial review of the decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner"), denying Creech's applications for disability insurance benefits ("DIB"). The Honorable Tanya W. Pratt, District Judge, designated this Magistrate Judge, under Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), to issue a report and recommendation on the request. [Dkt. 17.] For the reasons set forth below, the undersigned recommends the Commissioner's decision be **AFFIRMED**.

**I.    BACKGROUND**

**A. Procedural History**

Creech filed an application for DIB on July 6, 2011, alleging an onset of disability of July 21, 2004. [Dkt. 8-2 at 18.] Creech later amended his onset of disability date to January 27, 2007. Creech's application was denied initially on October 20, 2011, and upon reconsideration on November 28, 2011. *Id*. Creech requested a hearing, which was held

before Administrative Law Judge James R. Norris ("ALJ") on September 19, 2012. The Appeals Council denied Creech's request for review of the ALJ's decision on January 14, 2014, making the ALJ's decision final for purposes of judicial review. [Dkt. 8-2 at 2.] Creech filed his Complaint with this Court on March 3, 2014. [Dkt. 1.]

    B. Factual Background and Medical History

Creech was born on June 8, 1952, and was 60 years old at the time of the hearing. He has a tenth grade education and past relevant work as automation technician and maintenance technician. Creech testified that he stopped working in July 2004 due to pain and stiffness in his hands, back and legs. The ALJ found Creech suffers from the medically determinable impairments of diabetes mellitus, hypertension, sleep apnea, asthma and obesity but found none of the impairments to be severe. The ALJ further found no support in the record during the relevant time period for Creech's alleged osteoarthritis of the lumbar spine. As Creech and the ALJ thoroughly summarized the medical records, the Court will only cite to the portions relevant to the issues on which Creech requests review.

**LEGAL STANDARDS**

    A.      Standard for Proving Disability

To be eligible for SSI and DIB, a claimant must show he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §

423(d)(1)(A). To evaluate a disability claim, an ALJ must use the following five-step inquiry:

> Step One: Is the claimant currently employed;
>
> Step Two: Does the claimant have a severe impairment or combination of impairments;
>
> Step Three: Does the claimant's impairment meet or equal any impairment listed in the regulations as being so severe as to preclude substantial gainful activity;
>
> Step Four: Can the claimant perform his past relevant work; and
>
> Step Five: Is the claimant capable of performing any work in the national economy?

20 C.F.R. §§ 404.1520. *See also Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the SSA has the burden at Step Five to show that work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience and functional capacity. 20 C.F.R. § 404.1560 (c)(2).

### B. Standard for Judicial Review

An ALJ's decision will be upheld so long as the ALJ applied the correct legal standard, and substantial evidence supported the decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation omitted). This limited scope of judicial review follows the principle that Congress designated the Commissioner, not the courts, to make disability determinations:

> In reviewing the decision of the ALJ, we cannot engage in our own analysis of whether [the claimant] is severely impaired as defined by the SSA regulations. Nor may we reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute our own judgment for that of the Commissioner. Our task is limited to determining whether the ALJ's factual findings are supported by substantial evidence.

*Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of this conflict. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate a minimal, but legitimate, justification for her decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (citation omitted).

## II. DISCUSSION

The primary issue before the Court is whether substantial evidence supports the ALJ's conclusion that Creech did not have a severe impairment during the relevant time period of January 2007 through December 2009. An impairment or combination of impairments is severe when it "'significantly limit [one's] physical or mental ability to do basic work activities.'" *Castile v. Astrue,* 617 F.3d 923, 926 (quoting 20 C.F.R. § 404.1520(c)). But the diagnosis of an impairment does not alone establish the severity of the impairment and its resulting limitations. *Philpott v. Colvin*, 2014 WL 4244299, at *4 (S.D.

Ind. Aug. 26, 2014). Creech must prove the impairment causes more than a minimal limitation on his ability to work. *See Castile*, 617 F.3d at 926.

Creech argues that his osteoarthritis, neuropathy and chronic pain syndrome "are his most severe impairments, yet are not discussed within the decision." [Dkt. 10 at 13.] This is not entirely accurate. The ALJ noted that although Creech alleged osteoarthritis of the lumbar spine, there was no mention of it in the records *within the relevant time period*. [Dkt. 8-2 at 21.] Contrary to Creech's assertion, the ALJ also referenced Creech's diagnosis of "mild peripheral neuropathy and lumbar radiculopathy." [Dkt. 8-2 at 23.] In fact, the only record specifically cited by Creech that the ALJ "ignored" reflects a visit to Dr. Batts at the Clarian Arthritis Center in December 2007. [Dkt. 8-12 at 16.] However, this was for good reason. This record, along with many others from the relevant time period, was not before the ALJ. Creech submitted these exhibits directly to the Appeals Council after the ALJ rendered his opinion. The Appeals Council considered the additional evidence and found that it did not provide a basis for reversal. [Dkt. 8-2 at 3.] Consequently, while these records are now part of the administrative record, they cannot be used as a basis for finding reversible error. This Court's review is limited to the evidence that was before the ALJ. *See Getch v. Astrue*, 539 F.3d 473, 484 (7th Cir. 2008).

To effectively challenge the ALJ's Step-Two determination, Creech must do more than reiterate his diagnoses. He must point to evidence of the *resulting limitations* of those diagnoses that the ALJ failed to consider. *See Philpott v. Colvin*, 2014 WL 4244299, at *4 (S.D. Ind. Aug. 26, 2014). This is where Creech's arguments fall short. Instead of explaining how his physical impairments limit his ability to work, Creech recites

limitations his conditions *could* cause. ("Peripheral neuropathy often causes weakness, numbness and pain in the hands and feet . . . can cause a reduced ability to walk and stand and control muscle movements . . . basic work functions are certainly likely to be impacted.") [Dkt. 10 at 16.] It was Creech's burden to establish he actually has impairments that "significantly limit" his ability to work. He failed to do so.

Creech asserts a secondary argument for reversal that the ALJ based his Step Two determination (of no severe impairment) on a flawed credibility assessment. Specifically, Creech claims the ALJ wrongfully discredited his testimony of disabling impairments because there were significant gaps in the treatment record. The ALJ should have explored the reasons for this alleged lack of treatment, Creech asserts. But a review of the hearing transcript reveals that the ALJ did thoroughly examine Creech about the relevant time period of 2007 through 2009. Creech testified that he had "stabbing pains" that would come and go in his hands, elbows, lower back, legs and feet. He also testified that it "wasn't as bad back then; it's got worse over the years." [Dkt. 8-2 at 50.] Despite the pain, the ALJ noted that Creech was able to do minor household chores, care for himself, shop for groceries and cook. [Dkt. 8-2 at 22.] After reviewing the medical evidence, the ALJ noted that Creech, "presented very little medical evidence to support his allegations that would lead to any functional limitations." *Id*. at 23. Contrary to Creech's assertion, the ALJ does not discredit his testimony because of *gaps* in the treatment record. He discredited the testimony because it is not supported by the record. The existence of various diagnoses and symptoms does not require the ALJ to find Creech suffered disabling impairments. *Skinner v. Astrue*, 478 F.3d 836, 845 (7th Cir. 2007). The

ALJ evaluated Creech's claims against the medical evidence in the record and determined his impairments were not severe. That decision is supported by substantial evidence and cannot be overturned.

### III.   CONCLUSION

The standard for disability claims under the Social Security Act is stringent. The Act does not contemplate degrees of disability or allow for an award based on partial disability. *Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985). Furthermore, the standard of review of the Commissioner's denial of benefits is narrow. The Court reviews the record as a whole, but does not re-weigh the evidence or substitute its judgment for the ALJ's. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). The Court must uphold a decision where, as here, it is supported by substantial evidence in the record. As the Court cannot find a legal basis to overturn the ALJ's determination that Creech does not qualify for disability benefits, the undersigned recommends the Commissioner's decision be **AFFIRMED**.

### Notice Regarding Objections

Within fourteen days of being served with a copy of this recommendation, either party may serve and file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). A district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). Failure to file an objection might result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed. *Tumminaro v. Astrue*, 671 F.3d

629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The parties should not expect extensions of time to file either objections or responses. No replies will be allowed.

Date: 12/23/2014

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov